UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JULIO C. NAVAS,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>JEROME POLAHA, et. al.,<br><br>　　　　　　　　　　　　Defendants. | Case No. 3:18-cv-00019-MMD-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Application to Proceed in Forma Pauperis (IFP) (ECF Nos. 5, 7) and pro se, inmate Complaint (ECF No. 1-1, exhibits at ECF No. 1-2).

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

///

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

> When a prisoner seeks to proceed without prepaying the filing fee:
> [I]n addition to filing the affidavit filed [as described above], [the prisoner] shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). Notwithstanding the foregoing:

> (1) … [I]f a prisoner brings a civil action…[IFP], the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of --
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $1.88, and his average monthly deposits were $69.21.

Plaintiff's application to proceed IFP should be granted. He should be required to pay an initial partial filing fee in the amount of $13.84 (20 percent of $69.21). Thereafter, whenever his prison account exceeds $10, he should be required to make monthly payments in the amount of twenty percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

### A. Standard

"The court shall dismiss the case at any time if the court determines that … the action or

appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed IFP, whether or not the plaintiff is incarcerated. *See Lopez*, 203 F.3d at 1129; *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

In addition, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or office or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) or 28 U.S.C. § 1915A(b)(1), the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain

something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff, who is incarcerated in the Nevada Department of Corrections' (NDOC) Lovelock Correctional Center (LCC), filed his pro se complaint pursuant to 42 U.S.C. § 1983. The complaint names Washoe County Judge Jerome M. Polaha; Washoe County Deputy District Attorney Joseph Plater; Family Court Judge Deborah Schumacher; Court Clerk Ronald Lontive, Jr.; and Nurse Lilly Clarkson. (ECF No. 1-1 at 2-3.)

For the reasons set forth below, the court recommends that Plaintiff's complaint be dismissed.

In essence, Plaintiff takes issue with a criminal prosecution and conviction for sexual assault, while also mentioning an order for the sale of his home in connection with a divorce. He blames the defendants for his fifteen-year prison sentence. He asks that the defendants assets, bank accounts and tax returns be seized, and that he be set free.

Plaintiff alleges that Judge Polaha sentenced him for sexual assault of three illegal aliens, who were found to be lying in an evidentiary hearing.

Judges are entitled to absolute judicial immunity for acts performed in their official capacity, as Plaintiff has alleged here. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (judicial immunity is "a 'sweeping form of immunity' for acts performed by judges that relate to the 'judicial process.'" "This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt

- 4 -

1  motives, … or when the exercise of judicial authority is 'flawed by the commission of grave
2  procedural errors.'") (citations omitted); *see also Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.
3  1986) (en banc); *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) ("'The judicial or quasi-
4  judicial immunity available to federal officers is not limited to immunity from damages, but
5  extends to actions for declaratory, injunctive and other equitable relief.'").

6  Plaintiff alleges that Deputy District Attorney Joseph Plater helped affirm Judge Polaha's
7  malicious prosecution of Plaintiff.

8  State prosecutors are absolutely immune from section 1983 actions when performing
9  functions "intimately associated with the judicial phase of the criminal process." *Garmon v.*
10 *County of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016) (citation omitted). This includes the
11 initiation of a prosecution and presentation of the State's case, as well as professional evaluation
12 of evidence assembled and preparation of it for trial. *Id.*

13 Plaintiff alleges that Judge Deborah Schumacher ordered his sole and separate property to
14 his ex-wife.

15 Judge Schumacher is also entitled to absolute judicial immunity.

16 Plaintiff alleges that Court Clerk Ronald Lontive, Jr., signed his residence deed.

17 Court clerks have absolute quasi-judicial immunity from damages for civil rights violations
18 when they perform tasks that are an integral part of the judicial process, as Plaintiff has alleged
19 here. *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979).

20 Finally, Plaintiff states that Lilly Clarkson was a nurse whom he contends "affirm[ed] the
21 sexual assault of an illegal alien drug trafficant 11 year old from mexico," that he claims was lying.
22 (ECF No. 1-1 at 3.) To state a claim pursuant to section 1983, a Plaintiff must allege a violation of
23 rights protected by the Constitution or created by federal law caused by a person acting under color
24 of state law. A private party, such as a nurse who performed an examination of a minor as Plaintiff
25 alleges here, does not act under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th
26 Cir. 1991).

27 For the foregoing reasons, Plaintiff's complaint should be dismissed with prejudice.
28 ///

## III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application; however, Plaintiff should be required to pay, through NDOC, an initial partial filing fee in the amount of $13.84, within thirty days of the entry of any order adopting and accepting this Report and Recommendation. Thereafter, whenever his prison account exceeds $10, he should be required to make monthly payments in the amount of twenty percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk should be directed to **SEND** a copy of any order adopting and accepting this Report and Recommendation to the attention of **Chief of Inmate Services for the Nevada Department of Prisons**, P.O. Box 7011, Carson City, NV 89702.

(2) The Complaint (ECF No. 1-1) should be **FILED**.

(3) The action should be **DISMISSED WITH PREJUDICE**.

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: June 5, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE